In Re: Tolls on the St. Johns River Bridge.

146 So. 99

Opinion Filed January 31, 1933.

Rehearing Denied February 18, 1933.

*P. H. Odom,* for Petitioner;

*Julian E. Fant,* contra.

PER CURIAM.—A petition prays for a writ of certiorari to review an order made by two of the Circuit Judges of Duval County, relative to the tolls and charges to be collected under Chapter 7462, Acts of 1917, on the bridge across the St. Johns River at Jacksonville, Florida, upon the theory that in making the order complained of, the Circuit Judges considered as valid Chapter 15188, Acts of 1931, which relator asserts to be unconstitutional on stated grounds.

Even if Chapter 15188, Acts of 1931, is not operative, it shows a legislative purpose not to suspend the collection of tolls on the St. Johns River Bridge at Jacksonville, Florida, under Chapter 7462, Acts of 1917, at least until the qualified electors of Duval County approve such suspension of tolls.

The authority of the County Commissioners of Duval County and of one of the Judges of the Circuit Court of Duval County to fix fair and reasonable tolls and charges for the use of the bridge under Chapter 7462, Acts of 1917, continues. State ex rel. v. Duval County, 105 Fla. 174, 141 So. 173.

There is nothing in the petition to show that the order of the Circuit Judges complained of is not fair and reasonable as it affects the tolls and charges on the bridge; and the references in the opinion filed by the Circuit Judges to matters that would have some relation to Chapter 15188, Acts of 1931, do not render illegal the order as made by the Circuit Judges. The petition does not show that in making the order the Circuit Judges did not give "appropriate consideration to matters * * * which the law contemplates shall be considered in making the order complained of," so the rule stated in Florida Motor Lines v. R. R. Commission, 100 Fla. 538, 129 Sou. 876, is not applicable.

Certiorari denied.

Davis, C. J., and Whitfield, Brown and Buford, J. J., concur.

## On Petition for Rehearing

Per Curiam.—When the Circuit Judges made the order as to tolls attacked in this certiorari proceeding, Chapter 15188, Special Acts of 1931 had not been judicially declared invalid by the highest State Court. On the contrary, we judicially know from a case now pending before us that

said Chapter 15188, *supra*, had been attacked in the Circuit Court and not held invalid.

So long, therefore, as the question of the unconstitutionality of Chapter 15188, Acts of 1931, has not been adjudged by the Supreme Court, and stands apparently recognized as valid, by proceedings already determined in the Circuit Court in other litigation, the Circuit Judges of Duval County were proceeding in fixing tolls on the St. Johns River Bridge in this proceeding, notwithstanding the fact that they appeared to base their decision in part on statutes appearing on the statute books as presumptively valid laws, although one of them is under attack and may be hereafter held unconstitutional in litigation now pending before this Court.

Fixing of tolls involves the declaration of a reasonable rule concerning the amount of charge to be made for the use of the facility involved. The *value of the service rendered* by a toll bridge to the user of such facility may be made the measure of a *reasonable* toll. This is true whether the amount charged and collected produces more than enough to meet charges fixed by law, or not, where statutory authority has been given to fix *reasonable* tolls. The fact that a subsequently passed law directing a particular application of excess money raised by a toll may be unconstitutional, does not make the exaction itself of a *reasonable* amount of tolls unlawful, where separate statutory authority for collecting a reasonable toll exists, independent of the alleged unconstitutional Act directing the use of its proceeds.

Section 5 of Chapter 7462, Acts of 1927, specifically requires, independent of any other Act, the Circuit Judges of Duval County to enter an order approving such tolls as he (they) shall determine from the evidence as "fair and reasonable." "Fair and reasonable" toll charges are not essentially *limited* to a rate of charge founded solely upon

the factor of reasonably expected revenues to be derived therefrom. The term used in the 1917 statute is broad enough to include such fair and reasonable charges as' may be deemed "fair and reasonable" for the value of the privilege the toll-payer gets for his money in his use of the bridge, for enjoyment of which privilege the amount fixed is authorized to be charged.

Re-hearing denied.

DAVIS, C. J., and WHITFIELD, and BUFORD, J. J., and JOHNSON, Circuit Judge, concur.